■ In the Matter of the Claim of IRENE WOOSTER, Respondent, v. SPECTOR MID STATES FREIGHT SYSTEM et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. Decedent, a truck driver, suffered a fatal heart attack after he had lifted 16 rolls of plastic quilting each 4 feet long and 18 inches in diameter and weighing 55 to 60 pounds from a fork lift and stacked them in his truck. This activity took place in a 15-minute period while the temperature was approximately 20 degrees. An autopsy listed the cause of death as acute coronary thrombosis and coronary sclerosis. Appellants while acknowledging that the exertion involved would be sufficient to support an award urge that the record contains no substantial evidence to support the board's determination that the work involved precipitated the thrombosis. We cannot agree. As is typical in such cases both claimant and appellants produced experts who, based solely on the autopsy report since neither expert had ever seen the decedent and no previous history was available, gave conflicting medical opinions on whether decedent's activities precipitated the thrombosis. The resolution of such conflicting opinions is a factual determination for the board and outside the province of this court (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). We find no merit in appellants' contention that Dr. Wally, claimant's expert, took a contradictory position on

cross-examination from that on direct and that thus his testimony must be disregarded. Admittedly, Dr. Wally stated that he could not say with absolute certainty whether the thrombosis preceded the work effort. However, he did state not only that in his opinion it did not but that even if the thrombosis were presumed to have preceded the work effort and thus decedent's cause of death would have been correctly denominated coronary insufficiency rather than a thrombosis the work effort would still have contributed to decedent's demise. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.